WEIMER, J.,
dissenting.
^Because the Louisiana Committee on Bar Admissions refrained from certifying the petitioner for admission, this legal standard applies: “the applicant must show by clear and convincing evidence that his or her character has been rehabilitated and that such conduct, inclination or instability is unlikely to recur in the future.” La. S. Ct. Rule XVII, § 5(F). This court has previously acknowledged that this standard is appropriate for a petitioner with a “long record of serious misconduct.” In re Committee on Bar Admissions CFN-8920, 11-1973, p.l (La. 7/1/14), 145 So.3d 388, 388.
Disconcertingly, the petitioner’s record of misconduct—and his failure to fulfill even non-onerous requirements of his undergraduate university to discourage others from the perils of excessive alcohol consumption—is paralleled by the petitioner’s approach to his application for admission to the bar. This matter has an abnormal—quite possibly an unprecedented— procedural history, including a period of some nine years during which this matter languished due to the petitioner’s inaction.
The results of the petitioner’s recent PEth test, described in the majority’s opinion, were equivocal. The PEth test did not provide clear and convincing evidence that the petitioner no longer abuses alcohol. Much of the petitioner’s record of misconduct appears attributable to his abuse of alcohol.
The complete facts and circumstances, including the presently unresolved issues relating to the PEth test, compel the conclusion that the petitioner has failed to meet his burden of proving good character and fitness by clear and convincing evidence. Although I do not condone the petitioner’s inaction with his bar application or his inaction in establishing that he no longer has an alcohol abuse problem during the many years since he was initially not certified for admission, I would deny the application while allowing for reapplication in one year. Commendable steps the petitioner has taken in his private and civic life presently suggest—but do not yet meet— the standard of clear and convincing evidence. In my view, the one-year period would afford a final opportunity for the petitioner to dispel lingering doubt regarding his efforts to overcome alcohol abuse, which has proven so problematic for himself and others he has encountered.
HUGHES, J., dissents.
Jjl dissent in part for the reasons assigned by Crichton, J.